IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

IN RE:                           )

                              )

HOMESTEAD COUNTRY CLUB,        )       Case No. 14-21966-11

                              )

                DEBTOR.          )

_____ )

**AMENDED MOTION FOR APPROVAL OF PRELIMINARY ORDER
PURSUANT TO 11 U.S.C. § 363 AND FED. R. BANKR. PROC. 4001
CONCERNING THE USE OF CASH COLLATERAL AND PROVIDING
FOR ADEQUATE PROTECTION AND RELATED MATTERS**

COMES NOW Homestead Country Club, Debtor and Debtor-in-Possession herein, by

and through counsel, Colin N. Gotham of Evans & Mullinix, P.A., moves the court for entry of a

preliminary order authorizing the Debtor's use of cash collateral. In support hereof the Debtor

presents the following.

1.        On the 19th day of August, 2014, Homestead Country Club, (hereinafter

"Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States

Code (the Bankruptcy Code). Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor

remains as Debtor-in-Possession.

2.        Debtor is a family-oriented swim, tennis, fitness and dining country club located

at 6510 Mission Road, Prairie Village, KS 66208.

3.        The Club recently celebrated its sixtieth anniversary.

4.        At the time of the filing, Debtor had cash and bank balances, and account

receivables of approximately $65,000.00 as detailed in Schedule B.

00633597

5.     The Debtor previously had a blanket mortgage loan with Valley View Bank and was paying on the loan until it was sold to TTC, LLC in November, 2013.  Homestead made one payment to TTC, LLC in November 2013.  TTC, LLC accelerated and demanded the full balance in December, 2013.

6.     The Debtor has approximately six (6) acres in the front or eastern edge of its property that enhances the park-like setting, but otherwise is not necessary for operations of the Homestead County Club.

7.     The Debtor desires to sell up to six (6) acres in order to provide capital for loan payments, improvements, and maintenance.

8.     The Debtor has engaged in marketing activities for the sale of the excess property since May, 2013 and solicited various developers.

9.     The Debtor also engaged The Land Source, LLC in March 2014, and the property has been actively marketed.

10.    The Debtor has met with numerous potential buyers and also has had extensive discussions with the City of Prairie Village, Kansas about the sale of the property for the ultimate use as a park.

11.    The Debtor ultimately reached an agreement with Evan-Talen Homes for the purchase of up to six (6) acres for $2,000,000.00.

12.    The Debtor filed a Motion to Sell Free and Clear of Liens on August 21, 2014 and the matter is set for hearing on September 18, 2014 at 1:30.

13.    Upon information and believe, Debtor is indebted to TTC, LLC (hereinafter "TTC") pursuant to an assignment of Promissory Note previously held by Valley View Bank, which is secured by assets of Debtor.  Debtor has not fully analyzed TTC's Loan Documents,

and there is an actual dispute about the holder of the mortgage on Debtor's property in that there is an UCC assignment filed with the Kansas Secretary of State's Office filed on November 15, 2013 that purports to assign "all collateral to Equity Bank." There is a possibility that TTC or Equity Bank hold a duly perfected first lien on Debtor's accounts receivable. Debtor's cash generated from the collection of pre-petition accounts receivable is therefore "cash collateral" as defined by 11 U.S.C. § 363(a).

14. Debtor also believes that the TTC and/or Equity Bank may a claim against other assets that may provide TTC or Equity Bank with a claim for adequate protection payment, but the Debtor believes that there is a substantial equity cushion so that adequate protection payments are not warranted.

15. The principals of TTC, LLC are real estate developers. They are not bankers looking to receive interest payments. The purchase of the Valley View note is nothing less than a play on the Debtor's real estate. TTC, LLC would not have purchased the Valley View if they did not believe that there is substantial equity.

16. Debtor further asserts that it has a contract to sell a portion of its property for $2,000,000.00 which will provide additional adequate protection to whichever creditor might hold a perfected security interest.

17. In addition, the Debtor recently entered into a Letter in Intent with Kansas City Sustainable Development Partners, LLC for a 20 year capital investment which will allow the Debtor to retire any debt with TTC, LLC or Equity Bank. This agreement contemplates the sale of the up to six (6) acres and the payment of the remaining debt. Debtor is still considering its alternatives as it relates to a Chapter 11 Plan, but anticipates entering into an agreement to refinance its debt or filing a Chapter 11 Plan within the next sixty (60) days.

18.     Debtor had attached a preliminary budget to the original motion as Exhibit 1, and has attached hereto as Exhibit 1, a more detailed budget. The proposed sale of up to six (6) acres will substantially change said projections and the Debtor intends to supplement the budget with additional projections of the hearing associated with the Sale Motion.

19.     Debtor proposes providing TTC and/ or Equity Bank with a replacement lien in post-petition accounts receivable in an amount equal to but not to exceed the cash collateral used and to the extent that use of cash collateral results in any decrease in the aggregate value of TTC's or Equity Bank's liens on Debtor's property on the Petition Date. Debtor asserts that this post-petition grant of a security interest in accounts receivable will provide adequate protection to TTC given the fact that the value of the real estate greatly exceeds the alleged debt.

20.     Debtor originally attached a proposed Order as Exhibit 2, but said Order will likely need to be amended once the actual holder of the note and mortgage is determined.

WHEREFORE, Debtor prays for entry of an order authorizing the post-petition use of cash collateral, the granting of a limited post-petition lien in favor of TTC or Equity Bank in an amount equal to the cash collateral and inventory used, and for such other and further relief as the court deems proper in the premises.

Respectfully Submitted:

EVANS & MULLINIX, P.A.


/s/ Colin N. Gotham
Colin N. Gotham, KS #19538; MO#52343
7225 Renner Road, Suite 200
Shawnee, KS  66217
(913) 962-8700; (913) 962-8701 (FAX)
cgotham@emlawkc.com
ATTORNEYS FOR DEBTOR


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of August, 2014, a true and correct copy of the Motion was electronically filed with the court using the CM/ECF system which sent notification to all parties of interest participating in the CM/ECF system.


s/ Colin N. Gotham
Colin N. Gotham

00633597