IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| HOMESTEAD COUNTRY CLUB, ) | Case No. 14-21966-11RDB |
| ) | |
| DEBTOR. ) | |
| ) | |

## AMENDED MOTION FOR ORDER
## AUTHORIZING SALE OF REAL PROPERTY
## FREE AND CLEAR OF ALL LIENS, INTERESTS AND ENCUMBRANCES

COMES NOW, the Debtor and Debtor-in-possession herein, by and through counsel, Colin N. Gotham of Evans & Mullinix, P.A., requests the Court, pursuant to 11 U.S.C. § 363, enter its Order authorizing the Debtor to sell real property and free and clear of all liens, interests and encumbrances. In support of this Motion, the Debtor presents the following:

### THE DEBTOR

1. On the 19th day of August, 2014, (the Petition Date) Homestead Country Club, a Kansas Not for Profit Corporation , filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the Bankruptcy Code). Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor remains as Debtor-in-Possession.

2. The Debtor operates a family-oriented swim, tennis, fitness and dining country club located at 6510 Missouri Road, Prairie Village, KS 66208.

3. The Debtor's primary asset is a fee simple interest in real property located at 6510 Mission Road that is approximately fourteen (14) acres.

00653904

4. The Debtor previously had a blanket mortgage loan with Valley View Bank and was paying on the loan until it was sold to TTC, LCC in November, 2013. Homestead made one payment to TTC, LLC in November 2013. TTC, LLC accelerated and demanded the full balance in December, 2013.

5. The Debtor has approximately six (6) acres in the front or eastern edge of its property that enhances the park-like setting, but otherwise is not necessary for operations of the Homestead Country Club.

6. The Debtor desires to sell up to six (6) acres in order to provide capital for loan payments, improvements, and maintenance.

7. The Debtor has engaged in marketing activities for the sale of the excess property since May 2013 and solicited various developers.

8. The Debtor also engaged The Land Source, LLC in March 2014, and the property has been actively marketed.

9. The Debtor has met with numerous potential buyers and also has had extensive discussions with the City of Prairie Village, Kansas about the sale of the property for the ultimate use as a park.

## JURISDICTION

10. The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and venue of this bankruptcy proceeding and this Motion is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a), 363(b) and (f).

## RELIEF REQUESTED AND APPLICABLE AUTHORITY

11. After exploring its alternatives, the Debtor has determined in its business judgment that the sale of up to six (6) acres is the best method for satisfying its lenders when considering the time constraints imposed by the Debtor's creditors and the Bankruptcy Code.

12. The Debtor has negotiated a sale up to six (6) acres along its eastern boundary (hereinafter the "Property") for a price of $2,000,000.00 to Evan-Talan Development, LLC (hereinafter "Purchaser") pursuant to the contract attached hereto as Exhibit 1 (hereinafter the "Sale Agreement").

13. **This motion is amended to disclose that the new buyer is Evan-Talan Development, LLC pursuant to the attached Exhibit 1. Debtor's counsel also noticed that Page 6 of the original contract was missing from the original filed motion. The sale to Evan-Talan Development, LLC also will be simultaneously closing with the proposed sale to KC Sustainable Development Partners, LLC.**

14. Evan-Talan Development, LLC intends to construct single family residences on the Property which in the Debtor's business judgment, will be beneficial to the Debtor.

15. Accordingly, the Debtor seeks this Court's approval authorizing the Debtor to sell the assets free and clear of all liens, interests and encumbrances by private sale.

16. The exact legal description of the Property to be sold will be determined by a survey within the next forty-five (45) days, but an approximate drawing of the Property was originally attached hereto as Exhibit 2 to the original motion.

17. The Debtor believes this sale is in the best interests of the Chapter 11 estate and its creditors, is proposed in good faith and is fully justified and within the Debtor's business judgment.

18. The Debtor therefore requests that it be authorized to complete and to conduct the sale of the Property no later than December 31, 2014 pursuant to §363(b) of the Bankruptcy Code, which permits sale of the property of the estate, other than in the ordinary course of business, after notice and hearing.

19. The Sale Agreement was negotiated at arm's length. There has been no self-dealing, bad faith, fraud or unfair dealing relative to the negotiation of the Sale Agreement by the Debtor.

20. The Sale Agreement is the end result of arm's length negotiations with the Purchaser regarding the transaction and the underlying Sale Agreement. The Debtor entered into the Sale agreement, subject to approval of the Court, only after exploring alternatives to a sale and consideration of a sale on other terms and to other parties. Evan-Talan Development, LLC is entitled to the protection of Section 363(m) of the Bankruptcy Code, 11 U.S.C. § 363(m), as a "good faith purchaser" of the Property.

21. Evan-Talan Development, LLC is a bona fide, good-faith purchaser for value and is, as is more fully described in the Sale Agreement, prepared to purchase the Property upon the terms set forth in the Sale Agreement.

22. The creditors of the Debtor will receive greater value through an orderly sale in Chapter 11 than they would receive if relief from stay is granted. The Debtor should be authorized to complete and to conduct the sale of the Property pursuant to Section 363(b) of the

Bankruptcy Code to Purchaser, 11 U.S.C. § 363(b) ("Section 363(b)") which permits sale of the property of the estate, other than in the ordinary course of business.

## SALE FREE AND CLEAR OF LIENS

23. 11 U.S.C. § 363(f) provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

24. Pursuant to 11 U.S.C. § 363(f), the Debtor seeks authority to sell and transfer its assets to the purchasers free and clear of all liens. Any such liens shall attach to the proceeds of the sale of the assets, subject to any rights and defenses of the Debtor and other parties in interest with respect thereto.

25. TTC, LLC and Equity Bank claim a perfected security interest in the assets of the Debtor.

26. Debtor shall satisfy any outstanding taxes of Johnson Country, Kansas as part of the proposed sale and the balance of the funds will be held in an interest bearing account at a title company pending further order of the Court.

27. A sale free and clear of liens is necessary to maximize the value of the assets. A sale subject to liens would result in a lower purchase price and be of substantially less benefit to the Debtor's estate. A sale free and clear of liens is particularly appropriate under the circumstances because any lien in, to or against the assets that exists immediately prior to the closing of the sales will attach to the sale proceeds with the same validity, priority, force and effect as it had at such time, subject to the rights and defenses of the Debtor or any party in interest. Moreover, any holder of a lien that receives notice of the sale and which fails to object to the sale of the assets free and clear of liens should be deemed to consent to the sales, thereby complying with §363(f)(2) of the Bankruptcy Code.

WHEREFORE, the Debtor respectfully prays of this Court as follows:

1. Orders that the sale be free and clear of any and all mortgages, liens, pledges, hypothecations, security interests, charges, encumbrances, claims and interests.

2. Approves and authorizes the sale of the Debtor's Property at private sale pursuant to Exhibit 1.

3. Authorizes and directs the Debtor and its officers, directors and employees pursuant to Sections 363(b) and 363(f) of the Bankruptcy Code to execute and deliver all such documents as are reasonably necessary to perform the Debtor's obligations under the Exhibit 1 and to take such actions as are reasonably necessary to fully perform the terms of the Sale Agreement.

4. Authorizes the Purchaser, pursuant to 11 U.S.C. §363(f), to acquire the Property free and clear of all liens, claims, encumbrances and interests on or affecting the Property, including but not limited to any mortgages and unpaid real property taxes, and any such liens, claims, encumbrances and interests asserted shall be and are terminated as to the Property and shall attach to the net sale proceeds with the sale validity, force and extent and in the same priority, as they held in and to the Property prior to the sale, without the necessity of any act or filing, subject to the claims or defenses of the Debtor and other parties.

5. Authorizes and directs each creditor holding a lien, claim, interest or encumbrance in the Property to execute such documents and take all other actions as may be requested by the Purchaser to release such liens, claims, interests or encumbrances against or interests in and to the Property, as such liens, claims, interests and encumbrances may have been recorded or may otherwise exist, provided that a certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any of such liens, claims, encumbrances and interests against or interests in and affecting the Property.

6. Orders that the sale is in the best interests of the Chapter 11 estate and its creditors, is proposed in good faith and is fully justified.

7. Finds that the Sale Agreement was negotiated at arm's length, and there has been no self-dealing, bad faith, fraud, or unfair dealing relative to the negotiation of the Sale Agreement by the Debtor.

8. Orders that the Buyer is entitled to receive the benefits accorded a good faith purchaser pursuant to Section 363(m) of the Bankruptcy Code, 11 U.S.C. § 363(m).

9. Orders that the Sale Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative

agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease, and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Sale Agreement and this Order.

10. Notwithstanding that the Sale Order authorizes and directs the sale of the Property free and clear of liens, claims, encumbrances and interests, orders that the title company or other escrow agent disburse the proceeds of sale in the following priority:

    a. Payment of regular and customary costs of sale;

    b. Satisfaction of all outstanding real estate taxes owed to Johnson Country, Kansas or other taxing authorities;

    c. Balance, to an interest bearing account at a title company to be distributed at a later date pursuant to a future Order of distribution.

11. Orders that the Sale Order is final order and is enforceable upon entry and to the extent necessary under Fed. R. Bankr. Pro. 5003, 9014, 9021 and 9022.

12. Finds that there is no just reason for delay in the implementation of the Sale Order and expressly directs entry of judgment as set forth therein.

13. Finds that the stay imposed by Fed. R. Bankr. Pro. Rule 6004(g) and/or 6006(d) is hereby modified and shall not apply to the transactions proposed in accordance with the Sale Order and the terms of the Sale Agreement.

14. And for such other relief as the Court deems just and equitable.

                                  Respectfully Submitted:

EVANS & MULLINIX, P.A.


*/s/ Colin N. Gotham*
Colin N. Gotham, KS #19538
7225 Renner Road, Suite 200
Shawnee, KS 66217
(913) 962-8700; (913) 962-8701 (FAX)
ATTORNEYS FOR DEBTOR


**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the above and foregoing Motion was, on this 23rd day of September, 2014, filed and served electronically by the Clerk of the Court to all parties receiving electronic notice.


*/s/ Colin N. Gotham*
Colin N. Gotham